UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GARY R. KREHAN, JR.,

                Plaintiff,

v.                                       **DECISION AND ORDER**

HELD'S JANITORIAL SERVICE, INC.             12-CV-160S

                Defendant.

1.     Plaintiff Krehan, proceeding *pro se*, commenced this action on February 22, 2012, alleging that Held's Janitorial Service, Inc. ("Held's") discriminated against him on the basis of his gender and disability, failed to provide him reasonable accommodations, and retaliated against him for complaining of discrimination and/or harassment. He asserts claims under Title VII of the Civil Rights Act of 1962, as amended, 42 U.S.C. §§ 2000e *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 *et seq.*, and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq.* Presently before the Court is Held's Motion to Dismiss. (Docket No. 4.)

2.     Krehan filed a form employment discrimination complaint provided by the Court, and alleges that he was employed by Held's beginning in August 2003. The first discriminatory act is alleged to have occurred on November 1, 2010, with several additional incidents taking place between then and December 10, 2010. Krehan disclosed his alleged disability to his employer on January 28, 2011, and a further act of discrimination is alleged to have occurred on March 14, 2011.

1

3. The Court's complaint form directs, that the plaintiff "[s]tate here as briefly as possible the *facts* of your case. Describe how each defendant is involved, including *dates* and *places*." (*See* Docket No. 1, ¶ 19 (emphasis in original).) In response, Krehan provided the following:

> I was bullied and harassed on several occasions.
> I was discriminated against for my sex.
> I was in a bias situation for multiple years.
> I was discriminated against because, I have a brain tumor.
> After I was terminated in 4/2011, the defendant also prevented me from obtaining employment with a new employer.

(*Id.*)

4. Held's moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to provide sufficient facts to state a claim for relief. The Court issued a scheduling notice, giving Krehan a date by which to respond. (Docket No. 9.) He did not do so. Thereafter, the Court provided Krehan a second opportunity to respond, warning that it would consider Held's motion as unopposed if no response was filed by June 15, 2012. (Docket No. 10.) The second deadline is long expired, with no action by Krehan.

5. In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See* Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC, 595 F.3d 86, 91 (2d Cir. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.

Ct. 1955, 167 L. Ed. 2d 929 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

6. The Supreme Court recently clarified the appropriate pleading standard in Ashcroft v. Iqbal, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The decision instructs district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. Second, if a complaint contains "well-pleaded factual allegations[,] a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (quoting and citing Twombly, 550 U.S. at 556-57 (internal citations omitted)).

7. Here, Krehan has not set forth any facts in support of his claims that would allow for a finding of plausibility.

8. Krehan alleges that he was discriminated against because of his sex and "in a bias situation for multiple years." To establish a *prima facie* case of gender discrimination,[1] a

---

[1] While a Plaintiff need not plead sufficient facts to establish a *prima facie* case of employment discrimination to survive a motion to dismiss, courts consider the elements of a *prima facie* case in determining whether there is sufficient factual matter in the complaint, accepted as true, to raise a reasonable expectation that discovery may reveal evidence of employment discrimination. Doverspike v. Int'l Ordinance Techs., 817 F. Supp. 2d 141, 147 (W.D.N.Y. 2010).

3

plaintiff must show that he is a member of a protected class, has satisfactorily performed his job, suffered an adverse employment action, and the adverse action occurred under circumstances giving rise to an inference of discrimination. McDonald Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Krehan does allege that he was terminated, which clearly is an adverse job action. However, any suggestion he was terminated because of his gender is wholly conclusory. He does not provide any details about his termination, nor does he state any circumstances that would suggest gender-bias. Conclusory allegations are not afforded a presumption of truthfulness. Absent fact allegations, there is no basis upon which this Court can conclude that Krehan's gender discrimination claim rises above the speculative level.[2]

9. Krehan's conclusory allegations of bullying and harassment suggest he also may intend to assert a hostile work environment claim.

> For [gender-based] harassment to be actionable, it must be sufficiently severe or pervasive—both subjectively and objectively—to alter the conditions of [the victim's] employment and create an abusive working environment. And, of course, the plaintiff must establish that the hostile or abusive treatment was because of his or her sex. When the workplace is permeated with discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, . . . Title VII is violated.

Redd v. N.Y. State Div. of Parole, 678 F.3d 166, 175 (2d Cir. 2012) (internal citations and quotation marks omitted). Here, Krehan has not identified the words or actions constituting the harassment, the frequency of the conduct, or the ways in which the conduct altered the

---

[2] It is well-settled that the legal analyses applicable to discrimination and retaliation claims under Title VII and the ADA, also apply when such claims are brought under New York's Human Rights Law. Thus, the same result applies.

conditions of his employment. Again, his conclusory statement, devoid of factual support, is not afforded a presumption of truthfulness.

10. Krehan next alleges he was discriminated against because he has a brain tumor. To establish a *prima facie* case of disability discrimination under the ADA, a plaintiff must demonstrate: (1) that his employer is subject to the ADA; (2) that he suffers from a disability within the meaning of the ADA; (3) that he was qualified to perform his job with or without reasonable accommodation; and (4) that he suffered an adverse employment action because of his disability. Brady v. Wal-Mart Stores, Inc., 531 F.3d 127, 134 (2d Cir. 2008).

Here, Krehan claims to have advised Held's of his tumor on January 28, 2011, and alleges he was subjected to an unspecified act of discrimination on March 14, 2011, and terminated sometime in April 2011. Krehan does not provide any facts about either of these events. He does not even state whether he claiming these incidents are related to his gender or his alleged disability or both. Again, there is no basis from which this Court can reasonably infer that discovery might reveal evidence of disability discrimination.

11. Krehan also alleges Held's failed to accommodate his disability. A plaintiff meets his *prima facie* burden on a failure to accommodate claim by showing that: (1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations. Rodal v. Anesthesia Group of Onondaga, P.C., 369 F.3d 113, 118 (2d Cir. 2004). Krehan has not alleged facts in support of any element of this claim. Moreover, even though the Court's form employment discrimination complaint asks

5

for the date on which the plaintiff first requested reasonable accommodation, Krehan left this paragraph blank. (Docket No. 1, ¶ 22.) The reasonable inference is that he did not ask for accommodation, thereby rendering a failure to accommodate claim non-actionable.

12. Finally, Krehan alleges that Held's prevented him from obtaining employment with a new employer. To state a claim for retaliation, a plaintiff must plead facts tending to show that: (1) he participated in a protected activity known to the defendant; (2) defendant took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse action. <u>Feingold v. New York</u>, 366 F.3d 138, 156 (2d. Cir. 2004). The Complaint is devoid of facts as to when Krehan engaged in protected activity (other than the filing of his administrative complaint), when Held's is alleged to have acted to prevent him from finding new employment, what action Held's took, or any other fact that might connect the protected activity to the retaliatory conduct. Accordingly, he fails to state a claim in this regard, as well.

13. Because Krehan has not pleaded facts in support of any claim sufficient to raise a right to relief above the speculative level, his Complaint must be dismissed. While such dismissal ordinarily would be without prejudice, particularly where the plaintiff is proceeding *pro se*, Krehan already has failed to respond to two opportunities to either amend his Complaint or oppose Held's' legal arguments. In light of Krehan's apparent abandonment of his claims, the Complaint is dismissed with prejudice.

\* \* \* \* \*

IT HEREBY IS ORDERED that Defendant's Motion to Dismiss (Docket No. 4) is GRANTED.

FURTHER that the Clerk of Court shall take the necessary steps to close this case.

SO ORDERED.

Dated: September 12, 2012
        Buffalo, New York

                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                                Chief Judge
                                        United States District Court